UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ANGELO D. JOHNSON,                              No. 9:20-CV-622 (LEK/ATB)

        Plaintiff,

   v.

C. MILLER, et al.,

        Defendants.

_____

ANGELO D. JOHNSON, Plaintiff *Pro Se*
JONATHAN S. REINER, ASST. ATT'Y GEN., for Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

**DECISION AND ORDER**

On July 8, 2021, pro se plaintiff filed a letter motion to compel the defendants to produce certain items in discovery relating to the civil rights claims arising from his confinement in the Great Meadow Correctional Facility ("Great Meadow") between October 29, 2018 and January 16, 2020.  (Dkt. No. 51) As directed by the court, the defendants responded in opposition to the motion.  (Dkt. No. 57).

Plaintiff first seeks all "body-camera footage," apparently relating to the various incidents referenced in the complaint.  (Dkt. No. 51 at 1).[1]  Defense counsel's

---

[1] The July 29, 2020 Decision and Order of Senior District Judge Larry Kahn summarizes the allegations in the complaint about various incidents, at Great Meadow, of medical indifference, excessive force, improper body cavity searches, illegal conditions of confinement, due process violations relating to disciplinary proceedings, and racial discrimination allegedly committed by the remaining 16 defendants in this action.  (Dkt. No. 8 at 5-13).

response, supported by an affidavit of Armand Caringi, the Director of Security Services ("DSS") at Great Meadow (Dkt. No. 57-1), represents that the only video footage still available with respect to the events referenced in plaintiff's complaint relates to an incident on July 10, 2019.[2]  Defense counsel states that this video footage was made available to plaintiff on August 26, 2021.  The court cannot compel defendants or the New York Department of Corrections and Community Supervision ("DOCCS") to produce other video evidence when DOCCS has determined, after reasonable inquiry, that it no longer exists.

Plaintiff alleges that the constitutional violations at Great Meadow after July 10, 2019 involved indifferent medical care, illegal conditions of confinement, and due process violations relating to disciplinary proceedings against him.  (Compl. ¶¶ 130-139).[3]  There are no subsequent allegations of excessive force or other incidents at Great Meadow that would likely be captured on body camera or other video footage in the facility.  Plaintiff filed his complaint in this action on April 23, 2020, by which time other possible video footage of relevant events during and prior to July 2019

---

[2] Plaintiff's complaint describes a series of events on July10, 2019, alleging intolerable conditions of confinement in a SHU cell, which caused him to suffer a seizure; efforts by various defendants to suffocate and otherwise harm him while he was fully constrained in the facility infirmary; and his eventual return to his SHU cell.  (Compl. ¶¶ 122-129, Dkt. No. 1 at 38-41).  Senior Judge Kahn's July 29, 2020 Decision and Order describes some of these events, but suggest that they occurred on July 9, 2019.  (Dkt. No. 8 at 11-12).  The defense submission did not detail which portion of the events of July 10, 2019 are depicted on the video footage that is still available.

[3] Plaintiff alleged only one prior incident of excessive against him at Great Meadow, on June 17, 2019.  (See Dkt. No. 8 at 9-10).

would likely have been overwritten, in the ordinary course of business, at Great Meadow.  While not ruling out the possibility that plaintiff could assert spoliation claims for the failure of DOCCS to preserve other video evidence, his letter brief provides no basis for spoliation sanctions.  In any event, absent evidence that the spoliation occurred after this court began supervising discovery, plaintiff would need to seek relief for alleged spoliation from Judge Kahn in connection with dispositive motion practice and/or a trial.

Plaintiff's motion to compel also seeks disclosure of "audio . . . transcripts," presumably of the disciplinary proceedings relating to his due process claims.  (Dkt. No. 51 at 1).  Defense counsel represents that a transcript of a disciplinary hearing conducted by defendant Murphy between June 23 and July 2, 2019, has been disclosed to plaintiff.  A subsequent disciplinary proceeding involving plaintiff was conducted by defendant Collins in December 2019, and defense counsel represents that the written disposition of that proceedings was disclosed to plaintiff.  (Dkt. No. 57 at 2). The written disposition (Dkt. No. 57-2 at 4) indicates that plaintiff refused to attend any hearing and that the disposition was based solely on written documentation, without any witness testimony.  Defense counsel and DSS Caringi represent that there is no transcript of this later disciplinary proceeding.  (Dkt. No. 57-1 ¶¶ 5, 7).  Again, the court cannot compel production of evidence that does not exist.

Finally, plaintiff seeks disclosure of "formal complaints, grievances, lawsuits, and disciplinary actions against any or all defendants pursuant to all claims in

Plaintiff['s] complaint up to 10 years of any and all complaints being asserted . . . ."
(Dkt. No. 51 at 1).  Defense counsel argues that this request, for ten years of records
relating to 16 defendants, is an unduly burdensome "fishing expedition" that is not
proportional to the needs of the case.  (Dkt. No. 57 at 2-3).  Defendants also object
that the disclosure of such information to a current DOCCS inmate may create privacy
and security concerns, in that it seeks confidential information about other inmates
and staff, which "information may be used by inmates to obtain leverage or influence
over Defendants."  (*Id.* at 3).

   In support of the objections to plaintiff's demand for personnel and disciplinary
information about the defendants, defense counsel relies on a body of case law in this
Circuit ruling that "[g]enerally, the Court will direct the production of documents
contained in the personnel file of an officer only if the documents are relevant and
involved disciplinary action taken against the officer."  *Gagne v. Fix*, No. 11-CV-
361A, 2015 WL 4648056, at *2 (W.D.N.Y. Aug. 5, 2015) (collecting cases including
*Crenshaw v. Herbert*, 409 F. App'x. 428, 430 (2d. Cir. 2011) (the district court did not
abuse its discretion by denying plaintiff's motion to compel production of defendant's
personnel file; the court properly relied on defense counsel's affirmation that the file
contained no relevant disciplinary records; even if evidence of a prior substantiated
excessive force investigation existed, on the facts of the particular case before us such
evidence would be inadmissible to show that defendant acted violently in this
instance)).

4

Other cases in this Circuit have articulated a more liberal standard for discovery of the personnel and disciplinary records of defendant Correction Officers in prisoner civil rights cases. *See, e.g.*, *Hyatt v. Rock*, No. 9:15-CV-89 (DNH/DJS), 2016 WL 6820378, at *3 (N.D.N.Y. Nov. 18, 2016) ("several courts in this District have held that other complaints of misconduct against a particular Defendant, either before or after the event which is the subject of a civil rights lawsuit, can be discoverable so long as the misconduct is similar to the constitutional violation alleged in the complaint or relevant to a defendant's truth or veracity") (collecting cases including *Gross v. Lunduski*, 304 F.R.D. 136, 146-47 (W.D.N.Y. 2014) (allowing discovery of unsubstantiated complaints of similar misconduct in prisoner civil right action)). However, the court must always take into account whether such discovery is proportional needs of a particular case, "considering the need and likely relevance of the discovery as well as the practical difficulties in producing the information." *Hyatt v. Rock*, 2016 WL 6820378, at *4.

The court agrees with defense counsel that plaintiff's broad and unsupported demands for ten years of complaints, grievances, lawsuits, and disciplinary actions relating to all 16 remaining defendants is overly broad, burdensome, and not proportional to the needs of this particular case. *See, e.g., Hyatt v. Rock*, 2016 WL 6820378, at *4 ("Considering the proportional needs of this case, the Court agrees that production of all complaints or grievances against any of the named Defendants for a period of over ten years is neither justified nor required."). However, keeping in mind

the crucial importance of proportionality in federal discovery, the court will order the disclosure of several categories of documents that will be less burdensome to locate and produce and will be more likely to yield useful and potentially admissible evidence of other misconduct or credibility information with respect to the defendants. In doing so, the court will take steps to address the reasonable concerns of DOCCS regarding institutional security and the privacy interests of staff and other inmates.

The court is aware, based on more than ten years of experience in addressing discovery disputes in prisoner civil rights cases in New York, that DOCCS inmates file a large volume of grievances, and most grievances and complaints are determined by DOCCS to be unfounded, which substantially reduces their probative value. Moreover, the production of complaints and grievances by DOCCS is particularly burdensome because such documents are not indexed or filed by the individual correction officer(s) involved. *Hyatt v. Rock*, 2016 WL 6820378, at *4; *Diaz v. Goord*, No. 04-CV-6094, 2007 WL 2815735, at *1 (W.D.N.Y. Sept. 25, 2007).  However, grievances or complaints that are determined to be "founded" and that result in the discipline of a correction officer, will have much greater probative force and may be located by DOCCS more readily in the personnel files of the individual officer.

Inmate complaints that are sufficiently serious to be referred for investigation to the DOCCS Office of Special Investigations ("OSI") (formerly the DOCCS Inspector General ("IG")) generally prove to be more probative than complaints that are not referred.  Moreover, the OSI/IG reports are readily located by reference to the name of

the officer(s) who are the subject of the investigation.  Finally, while prisoners bring many civil rights actions that prove to be frivolous, the records of such lawsuits are a matter of public record and have a greater potential to be probative than prisoner grievances alone.  Pro se prisoners are limited in their ability to search and obtain public records relating to other lawsuits, and defendants who were parties to other lawsuits are in a better position to access related records.

Accordingly, based on the submissions of parties, and for the reasons stated above:

**IT IS HEREBY ORDERED**, that plaintiff's motion to compel (Dkt. No. 51) is **GRANTED IN PART**, in that the defendants and/or DOCCS are directed to disclose the following, for the time period between and including 2017 and 2020, subject to the claims of privilege and/or the entry of an appropriate protective order, restrictions on plaintiff's unfettered access to sensitive documents while in DOCCS custody,[4] and redactions, as necessary to address reasonable DOCCS concerns regarding institutional security or the privacy of inmates or staff other than the named defendants[5]:

---

[4] For example, reports of DOCCS OSI/IG and records relating to any discipline of the named defendants may be made available for plaintiff to inspect only under staff supervision, but *without* supplying plaintiff with a copy to maintain in his cell. The court may direct that copies of any such relevant reports or records be provided if/when counsel is appointed to assist plaintiff in connection with a trial.

[5] Redactions related, *e.g.*, to confidential sources of information in connection with an investigation, would be appropriate.  Redaction of the names of complaining inmates and witnesses may also be appropriate while plaintiff is representing himself and continues to be a DOCCS inmate.  However, the court may require the disclosure of such names if/when counsel is appointed to assist plaintiff at a trial in this matter.

1.      Any reports or other records relating to founded allegations of the types of misconduct specified below, as documented in the personnel files of the named defendants or the files of the DOCCS Office of Labor Relations, that resulted in the imposition of discipline against any named defendant.  The categories of misconduct as to which such disclosure will be required are (a) founded claims of misconduct against inmates relating to the type(s) of misconduct alleged in the claims against each particular defendant, as documented in the attached chart entitled "Categories of Alleged Misconduct (by Defendant)" and (b) founded claims that a defendant made false claims or allegations, or provided false statements or testimony.

2.      Any reports or other records of any investigation by the DOCCS Office of Special Investigations ("OSI") (formerly the DOCCS Inspector General ("IG")), relating to the incidents that are the subject of this action or the categories of misconduct referenced in paragraph 1, whether or not the allegations of misconduct were determined to be founded or substantiated.

3.      The operative complaint(s) or charging instruments and document(s) reflecting the disposition of other lawsuits or criminal proceedings against any named defendant relating to the incidents that are the subject of this action or the categories of misconduct referenced in paragraph 1, whether or not there was an ultimate finding of liability on the part of the defendant(s).

Defendants and/or DOCCS are also required to disclose, to plaintiff, any personnel or other records relating to defendants' prior or subsequent job performance

8

or disciplinary history, without restriction as to time period, to the extent the defendants will rely on them in defending this action.

Defense counsel shall advise plaintiff's counsel, in writing, as to which personnel, disciplinary, or OSI/IG documents or categories of documents are being withheld on privilege or other grounds, and the general nature of information withheld.[6]  To the extent the parties, after good-faith negotiations, are unable to resolve any dispute as to which documents should be disclosed or the redactions to disclosed documents, the relevant materials shall be submitted to the court for in camera review.

Plaintiff's motion to compel (Dkt. No. 51) is otherwise **DENIED**, for the reasons stated above.

Defense counsel is directed to submit to the court, by September 20, 2021, a proposed deadlines for the disclosure of the documents required by this Order, after consultation with his clients and DOCCS regarding the logistics of searching for and producing those documents.  Plaintiff or defense counsel may also propose, if necessary, extensions of other deadlines in this action.

Dated:  September 2, 2021

Hon. Andrew T. Baxter
U.S.  Magistrate Judge

---

[6] Defense counsel does not need to log documents that were disclosed in redacted form.

9