UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANGELO D. JOHNSON,

                      Plaintiff,

    -against-                                            9:20-CV-00622 (LEK/ATB)

BROWN, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on May 12, 2022, by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Dkt. No. 67 ("Report-Recommendation"). Pro se Plaintiff Angelo D. Johnson brought suit against Defendants at Great Meadow Correctional Facility ("Great Meadow C.F."): Superintendent Christopher Miller, First Deputy Superintendent Donita McIntosh, Deputy Superintendent Gerard Canon, Assistant Deputy Superintendent Melissa Collins, Lieutenant George Murphy, Sergeant Nathaniel Gilles, Correction Officer ("C.O.") Preston Boule, C.O. Eric Rich, C.O. Daniel Papa, and Defendants associated with the New York State Department of Corrections and Community Supervision ("DOCCS"), Dr. Eric Goe, Dr. David Karandy, Physician Assistant ("P.A.") Ted Nesmith, Nurse Marcia Rocque, Nurse Christy Watkins, Dr. John Morley, and DOCCS Regional Health Administrator Mary Tandy-Walters (collectively, "Defendants"). Id. at 1.

Plaintiff did not file objections to the Report-Recommendation within fourteen (14) days of its issuance. See generally Docket. Gilles, Boule, Rich, and Papa filed timely objections to the

Report-Recommendation. Dkt. No. 68 ("Objections"). For the reasons that follow, the Court approves and adopts the Report-Recommendation in its entirety.

## II. BACKGROUND

The procedural background of this action is discussed in the Report-Recommendation, familiarity with which is assumed. R. & R. at 2. At issue before the Court is Defendants' Motion for Summary Judgment brought pursuant to Fed. R. Civ. P. 56. Id. at 1; Dkt. No. 63 ("Defendants' Motion for Summary Judgment").

Plaintiff brought claims against the Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983"), claiming specifically that:

> 1. Defendant Marcia Rocque was deliberately indifferent to [P]laintiff's medical care on October 29, 2018, by taking away Plaintiff's migraine medication.
>
> 2. Deliberate indifference to [P]laintiff's medical care by:
>     a. Defendant Eric Goe on November 1, 2018.
>     b. Defendant Ted Nesmith on November 16 and 21, 2018.
>     c. Defendants Goe and David Karandy on December 5, 2018[,] through February 19, 2019.
>     d. Defendant Goe on May 17, 2019.
>     e. Defendants Goe and Karandy in July 2019.
>
> 3. Deliberate indifference to [P]laintiff's medical care by failing to rectify other [D]efendants' deficient care:
>     a. Mary Tandy-Walters on December 14, 2018.
>     b. John Morley on February 5, 2019.
>
> 4. On June 17, 2019, [D]efendants Preston Boule, Nathaniel Gilles, Daniel Papa, and Eric Rich, along with three John/Jane Doe [D]efendants, threw [P]laintiff on a table, removed his clothes, sexually abused him by sliding a hand in between his buttocks, and took mocking pictures of [P]laintiff's buttocks.
>     a. The claims against all of these [D]efendants include: denial of adequate medical care, excessive force, failure to intervene (with respect to excessive force), sexual abuse, and unlawful search under the Fourth Amendment.
>     b. Defendant Gilles is claimed to be the 'ringleader,' and [P]laintiff asserts an Equal Protection claim against him.

> c. Plaintiff asserts a claim of denial of medical care against [D]efendant Nesmith (PA) relative to this incident.
>
> 5. Between June 23 and July 9, 2019, [D]efendant George Murphy allegedly violated [P]laintiff's Due Process rights under the Fourteenth Amendment by failing to provide a fair disciplinary hearing.
>
> 6. On July 10, 2019, Defendants Gilles, Nesmith, and Christy Watkins were deliberately indifferent to [P]laintiff's medical needs, used excessive force, and failed to intervene by putting a harmful concoction on [P]laintiff's mouth.
>
> 7. From July 11–15, 2019, [D]efendants Gerard Caron, Melissa Collins, Donita McIntosh, and Christopher Miller were deliberately indifferent to [P]laintiff's medical needs and the conditions of his confinement by ignoring his complaints regarding such conditions.
>
> 8. At some point prior to January 27, 2020, [D]efendant Collins violated [P]laintiff's Due Process rights under the Fourteenth Amendment by presiding over a "secret" disciplinary hearing.

R. & R. at 2–4 (citations omitted). "Rather than include a lengthy statement of facts at the outset," Judge Baxter "discuss[ed] the relevant facts and evidence of record in connection with [his] analysis of the [P]laintiff's particular claims." Id. at 4. Familiarity with these facts is assumed. R. & R. at 9–28, 31–40, 42–49, 50–52.

The Court received as undeliverable copies of the Report-Recommendation mailed to Plaintiff. Dkt. Nos. 69–70. On June 8, 2022, Plaintiff informed the Court that he "ha[d] been in and out of the hospital" which inhibited his ability to litigate his case. Dkt. No. 71. He also indicated that his "complete . . . file ha[d] been stolen" and that he "ha[d] also been homeless for several months, i.e. no official living or mailing address." Id. On June 9, 2022, the Court directed the Clerk of the Court to provide Plaintiff with a courtesy copy of the Report-Recommendation and an updated copy of the Docket sheet. Dkt. No. 72. In light of Plaintiff's pro se status, the Court also sua sponte granted Plaintiff an extension to submit objections to the Report-

3

Recommendation, with a new deadline of July 5, 2022. Id. Copies of the Court's June 9 Order that had been sent to the hospital where Plaintiff had indicated he was being treated were returned as undeliverable. Dkt. Nos. 73–74. Plaintiff failed to file objections to the Report-Recommendation by the new July 5, 2022, deadline. See generally Docket.

### III.    STANDARD OF REVIEW

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). "When specific objections are made to a magistrate judge's report-recommendation, the Court makes a '*de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made.'" Felix-Torres v. Graham, 687 F. Supp. 2d 38, 45 (N.D.N.Y. 2009) (emphasis in original) (quoting 28 U.S.C. § 636(b)(1)). That "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original).

4

However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)); see also Singh v. New York State Dep't of Tax'n & Fin., 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011) ("If . . . the party makes only frivolous, conclusory, or general objections, or simply reiterates her original arguments, the district court reviews the report and recommendation 'only for clear error.'" (quoting Silva v. Peninsula Hotel, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007))).

## IV.   DISCUSSION

In their Objections, Gilles, Boule, Rich, and Papa argue that there was a physical assault independent of the sexual assault alleged by the Plaintiff, asserting that "Plaintiff did not exhaust [his] administrative remedies with respect to the June 17, 2019[,] physical assault allegation." Objs. at 4. Gilles, Boule, Rich, and Papa state that "Plaintiff did not file a grievance regarding the June 17, 2019[,] incident. Accordingly, the claims should be dismissed because Plaintiff failed to exhaust his administrative remedies." Id. at 5–6 (emphasis in original) (citation omitted). Elsewhere in their Objections, Gilles, Boule, Rich, and Papa argue that "[e]ven if the Court finds Plaintiff exhausted his remedies for a sexual abuse occurring on June 17, 2019[,] by filing a grievance about abuse occurring six days earlier, this does not exhaust Plaintiff's administrative remedies for the allegation of physical assault occurring on June 17, 2019." Id. at 7.

Gilles, Boule, Rich, and Papa are seeking to relitigate arguments already made in their Motion for Summary Judgment, Dkt. No. 63-1 at 10–12 ("Defendants' Summary Judgment Memorandum of Law"), and rejected by the Magistrate Judge. As Judge Baxter noted:

5

"[D]efendants concede that, in March of 2020, [P]laintiff informed the Office of Special Investigations ('OSI') for DOCCS that [D]efendant Gilles and 'six unknown corrections officers,' sexually abused him on 'June 11, 2019.'" R. & R. at 19 (emphasis omitted) (quoting Defs.' Summ. J. Mem. of Law at 11). Judge Baxter observed: "Defendants argue that [P]laintiff never reported an incident occurring on June 17, 2019, and therefore failed to exhaust his administrative remedies with respect to any incident on that date." R. & R. at 19. However, Judge Baxter expressly rejected Gilles, Boule, Rich, and Papa's argument that there were two separate incidents of assault, and instead found that there was a single incident of both sexual and physical assault: "It seems clear that the [P]laintiff ha[d] made an error in reporting the date of the incident to OSI, because the facts are too similar to be a coincidence, and it is questionable that such an incident happened twice. Plaintiff's description of the incident is almost identical to the OSI claim, and it afforded officials the opportunity to investigate the claim. Thus, the court will not recommend dismissal for failure to exhaust the sexual abuse claim." Id. at 20. Furthermore, Judge Baxter stated that "[t]he court will not separate the physical from the sexual assault because [P]laintiff alleges that both were part of the same incident." Id. at 21; see also Sheffer v. Fleury, No. 18-CV-1180, 2019 U.S. Dist. LEXIS 158842, at *12 (N.D.N.Y. Sept. 18, 2019) (Kahn, J.) (approving and adopting in its entirety a Report-Recommendation where "[t]he Magistrate Judge held that an 'incident' of sexual abuse under [DOCCS Directive 4040] § 701.3(i) could include 'not only the acts of sexual abuse by an inmate or a corrections officer, but also other events which are necessarily intertwined with such a claim, such as a physical assault during the course of the abuse . . . .'" (quoting Sheffer v. Fleury, No. 18-CV-1180, 2019 U.S. Dist. LEXIS 139742, at *10 (N.D.N.Y. Aug. 19, 2019)).

"When a party . . . simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." Forde, 341 F. Supp. 3d at 336 (quoting Molefe, 602 F. Supp. 2d at 487). Here, Gilles, Boule, Rich, and Papa are simply reiterating arguments offered in the Defendants' Motion for Summary Judgment, Defs.' Summ. J. Mem. of Law at 10–12, that were already rejected by the Magistrate Judge. For this reason, the Court reviews this portion of Judge Baxter's findings in the Report-Recommendation and finds no clear error.

Gilles, Boule, Rich, and Papa also argue that "Plaintiff did not exhaust administrative remedies with respect to the sexual abuse claim." Objs. at 6 (emphasis omitted). It appears that most of this objection was copied verbatim from Defendants' Motion for Summary Judgment. Compare Objs. at 6, with Defs.' Summ. J. Mem. of Law at 11–12. Thus, much of this objection "simply reiterates [Defendants'] original arguments" which the Court reviews "only for clear error." Singh, 865 F. Supp. 2d at 348 (cleaned up). To the extent that Gilles, Boule, Rich, and Papa provide a statement that was not directly taken from the earlier Motion for Summary Judgment, they argue against the finding in "the R&R [which] posits that Plaintiff made a scrivener's error or a mental lapse [with respect to Plaintiff's sexual assault],' [because] Plaintiff was interviewed by OSI and did not indicate that the date was June 17 rather than June 11. Objs. at 6. (citations omitted) (quoting R. & R. at 20 n.19). However, Defendants immediately concede that "the R&R's speculation is not unreasonable . . . ." Objs. at 6. "[W]here the objections [to a Report-Recommendation] 'are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments' made before the magistrate judge, the court reviews that portion for 'clear error or manifest injustice.'" Singh, 865 F. Supp. 2d at 348 (citations omitted) (quoting Edwards v. Fischer, 414 F. Supp. 2d 342, 346 (S.D.N.Y. 2006) and

7

Dallio v. Hebert, 678 F. Supp. 2d 35, 41 (N.D.N.Y. 2009)). The Court finds that Gilles, Boule, Rich, and Papa's assertion here merely attempts to reiterate arguments made before the Magistrate Judge, and therefore, the Court reviews this portion of the Report-Recommendation for clear error or manifest injustice. The Court finds neither clear error nor manifest injustice.

Finally, Gilles, Boule, Rich, and Papa argue that "[w]hen a Section 1983 plaintiff cannot identify which among multiple defendants violated his constitutional rights, the defendants are entitled to summary judgment." Objs. at 8. Once again, the text of this objection was copied almost verbatim from Defendants' Motion for Summary Judgment. Compare Objs. at 8–9, with Dkt. No. Defs.' Summ. J. Mem. of Law at 18–20. Judge Baxter already rejected Gilles, Boule, Rich, and Papa's argument in his Report-Recommendation. R. & R. at 50–52. Because Gilles, Boule, Rich, and Papa again attempt to merely rehash arguments already made before the Magistrate Judge, the Court reviews this portion of the Report-Recommendation for clear error or manifest injustice and finds neither. See Singh, 865 F. Supp. 2d at 348.

The Court reviews the portions of the Report-Recommendation to which no objections were filed and finds no clear error. See Audubon Levy Investors, LP v. E. W. Realty Ventures, LLC, 698 F. Supp. 2d 328, 334 (E.D.N.Y. 2010) ("There being no objection to the other portions of [the magistrate judge's] Report and Recommendation, the Court reviews them and finds no clear error."). For these reasons, the Court adopts Judge Baxter's Report-Recommendation in its entirety.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 67) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 63) is **DENIED** as to Gilles, Boule, Rich, and Papa only as to the June 17, 2019, incident alleging physical/sexual assault (Compl. ¶¶ 94–113); and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 63) is **GRANTED** and the complaint is dismissed in all other respects as to all other Defendants for the reasons discussed in the Report-Recommendation; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 23, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge